IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

LASHANDA CALVIN; and
JASEAN SMITH                                                    PLAINTIFFS

v.                              No. 2:18-cv-85-DPM

SHELTER MUTUAL INSURANCE
COMPANY                                                          DEFENDANT

ORDER

As she was driving slowly in a line of cars on I-55 between West Memphis and Memphis, a never-identified car rear-ended Lashanda Calvin's Altima and knocked it into the car in front of her. Calvin's twenty-three-year-old son, Jasean Smith, was a passenger in her back seat. Calvin and her son were injured. Shelter insures Calvin and her car. The company denied Smith's claim. Calvin and Smith filed this case seeking $50,000 each in uninsured coverage that may be available under the policy. ARK. CODE ANN. § 23-89-403. It's unclear what the parties dispute about Calvin's claim. The case was removed here. Shelter says there's no coverage for Smith. Calvin and Smith disagree. They say the policy is ambiguous, material facts are disputed, and a jury could conclude Smith is covered—either as Calvin's relative or as

someone who was using the vehicle. The applicable policy terms are in the margin.*

---

* DEFINITIONS

    Words in bold type that are derived from a defined word have the same root meaning.
. . .

    (40) **Relative** means an **individual** related to **you** by blood, marriage, or adoption, who is a **resident** of **your** household. It includes **your** child who is away at school, if that child is both unmarried and unemancipated. . . .

. . .

    (54) **Use** means physically controlling, or attempting to physically control, the movements of a vehicle. It includes any emergency repairs performed in the course of a trip, if those repairs are necessary to the continued **use** of the vehicle.

PART IV – COVERAGE E – **UNINSURED MOTOR VEHICLE** LIABILITY COVERAGE
. . .

INSURING AGREEMENT FOR COVERAGE E

Subject to all conditions, exclusions, and limitations of **our** liability, stated in this policy, **we** will pay **damages** that an **insured**, or an **insured's** legal representative, is legally entitled to recover from the **owner** or **operator** of an **uninsured motor vehicle** because of an **occurrence** that arose out of the **ownership** or **use** of that **uninsured motor vehicle**.

DEFINITIONS USED IN COVERAGE E
. . .

(2) **Insured** means an **individual** included in one of the following categories:

CATEGORY A:
    (a) **You**;
    (b) **Relatives**;
    (c) **Individuals** listed in the **Declarations** as an "additional listed insured" who do not **own a motor vehicle**, and whose **spouse** does not **own a motor vehicle**.
CATEGORY B:
    Any **individual** who is not included in Category A, while he or she is **using** the **described auto** with **permission** or **general consent**.

№ 16-1 at 7, 9–10 & 18.

A son, of course, is related to his mother. But Shelter's policy covers only certain relatives. At the threshold, Smith doesn't qualify because he doesn't live with Calvin. He moved out in 2013 after graduating from high school, almost five years before this 2018 accident.

The policy also includes what might be called a student exception: It covers an unmarried and unemancipated child away at school. This exception doesn't benefit Smith. The Court is not convinced that Shelter's policy draws a hard line at age eighteen, the age of majority in Arkansas. ARK. CODE ANN. § 9-25-101; *Towery v. Towery*, 285 Ark. 113, 114–15, 685 S.W.2d 155, 156 (1985). The policy doesn't define "child," and in other places refers to a "minor child," № 16-1 *at 9*, which suggests a broader category here. When one speaks of relatives, it's not unusual to say an adult is their parents' child. And many young people in their late teens and early twenties are away from home much of the year, at school of some kind, unmarried, and still dependent on their parents in most respects. This student exception covers a child so situated.

This case does not present one of those situations, though. Smith is a student; he's studying education at Phillips County Community College. He's unmarried. But he's not "unemancipated" within the ordinary meaning of that word. *Philadelphia Indemnity Insurance Co. v. Austin*, 2011 Ark. 283, at 6, 383 S.W.3d 815, 819–20. He works three part-

time jobs while attending school. Smith pastors two churches on alternating Sundays and assists in funeral services on Saturdays. He hasn't lived with his mother for several years. There's no evidence, for example, that he has lived with her on and off between college terms. And there's no evidence that Calvin was supporting her son financially. This record would not support a jury in reasonably concluding that Smith was unemancipated.

Was Smith an insured because he was "using" Calvin's Altima while a passenger? Shelter's policy ties use to physical control and emergency repairs on trips. Smith wasn't involved in any repair when his mother's car was rear ended. "**Use** means physically controlling, or attempting to physically control, the movements of a vehicle." *№ 16-1 at 10*. Smith didn't use Calvin's Altima in this sense; he was buckled in the back seat. Calvin and Smith emphasize that this policy defines use, not using. That creates some murkiness, they continue, which favors their argument for coverage. The Court respectfully disagrees. The gerund doesn't create ambiguity. The policy also says "Words in bold type that are derived from a defined word have the same root meaning." *№ 16-1 at 7*. "Using" is in bold; it is derived from the defined term "use"; and therefore it has the same root meaning: physical control. Smith wasn't in control of his mother's car when it was rear-ended. *Austin*, 2011 Ark. at 6, 383 S.W.3d at 819–20.

* * *

Most of the material facts are undisputed. Where some genuine dispute exists, the Court has taken the record in the light most favorable to Calvin and Smith. *Raines v. Safeco Insurance Co. of America*, 637 F.3d 872, 874–75 (8th Cir. 2011). No patent or latent ambiguity exists in the applicable policy provisions. The Court has been delayed in addressing this motion, and oral argument would cause more delay, so the request for it is denied. On this record, and the applicable Arkansas law about insurance contracts, Shelter is entitled to partial summary judgment on Smith's claims. The motion, № 9, is granted and his claim is dismissed with prejudice. The Court would appreciate a joint status report on Calvin's claim by 15 April 2019.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 March 2019