# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

LASHANDA CALVIN                                                PLAINTIFF

v.                          No. 2:18-cv-85-DPM

SHELTER MUTUAL INSURANCE
COMPANY                                                    DEFENDANT

## ORDER

The Court is attaching revised draft final jury instructions, in response to Calvin's objections, № 51. The *voir dire*, preliminary instructions, and verdict form, № 43-1, 43-2 & 43-4, are locked in without objection. Here are the Court's rulings about the final instructions. The second proximate cause paragraph stands for now; there may be proof on multiple causes. We'll see. The Court added an edited version of the requested model instruction about aggravation of pre-existing conditions. The present value instruction stands; expert testimony is not required. *J.E. Merit Constructors, Inc. v. Cooper*, 345 Ark. 136, 150, 44 S.W.3d 336, 347 (2001).

So Ordered.

                                            _____
                                            D.P. Marshall Jr.
                                            United States District Judge

                                            7 February 2020

# (3) FINAL INSTRUCTIONS

**1.**

Follow all the Court's instructions. Written and spoken instructions are equally important. And it doesn't make any difference when I gave an instruction. Follow them all.

**2.**

Your job is to decide what happened. Don't take anything I said or did as a suggestion about what your decision should be. You're the judges of the facts, not me.

**3.**

Don't decide the case based on sympathy, prejudice, or emotion. Decide based on the evidence, the law, and your common sense. Decide this case as a dispute between persons of equal worth. All persons, including a corporation such as Shelter, are equal under the law.

**4.**

The evidence is the witnesses' testimony, the exhibits, any facts agreed by the parties, and any facts I've told you that you must accept as true. Anything the lawyers said (such as questions, statements, arguments, and objections) is not evidence. If I told you to disregard something, ignore it. If you saw or heard something about this case outside the courtroom, ignore that, too. If I told you some evidence must be used only for a limited purpose, do so.

**5.**

Be careful evaluating each witness's credibility. Use your life experience, and your common sense, in deciding what testimony you believe.

**6.**

An expert is a person who has special knowledge, skill, experience, training, or education on a subject. An expert may give his or her opinion on issues in controversy. You may consider the expert's opinion in light of his or her qualifications, credibility, the reasons given for the opinion, and the basis of the opinion. You are not bound to accept an expert's opinion. You should give it whatever weight you think it should have. As with any witness, you can believe some, all, or none of what an expert says. You may disregard any expert opinion if you find it to be unreasonable.

**7.**

The party with the burden of proof must prove the facts asserted by a preponderance of the evidence. That means the party must prove that something is more likely true than not true. I will tell you whether Calvin or Shelter has the burden of proof on particular issues. If Calvin has the burden of proof on a fact, and the evidence is equally balanced, then Calvin has not carried her burden. If Shelter has the burden of proof on a fact, and the evidence is equally balanced, then Shelter has not carried its burden. Neither Calvin nor Shelter must prove anything beyond a reasonable doubt. That's the standard for a criminal case, not a civil case like this one.

**8.**

Here are some rules of law about negligence.

*First*, "negligence" means the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence in this case. To be negligence, an act must be one from which a reasonably careful person would foresee such an appreciable risk of harm to others as to cause him not to do the act, or to do it in a more careful manner.

*Second*, a failure to exercise ordinary care is negligence. "Ordinary care" means the care a reasonably careful person would use under circumstances similar to those shown by the evidence in this case. It is for you to decide how a reasonably careful person would act under those circumstances.

*Third*, it was duty of the driver who rear-ended Calvin to use ordinary care for the driver's own safety and the safety of others.

Every person using ordinary care has a right to assume, until the contrary is or reasonably should be apparent, that every other person will use ordinary care. To act on that assumption is not negligence.

*Fourth*, the fact that an accident occurred is not, by itself, evidence of negligence on the part of anyone.

*Fifth*, when two vehicles are traveling in the same direction, the vehicle in front has the superior right to the use of the highway, and the driver behind must use ordinary care to operate his vehicle in recognition of this superior right. This does not relieve the driver of the forward vehicle of the duty to use ordinary care and to obey the rules of the road.

*Sixth*, drivers of motor vehicles have certain duties. A driver must keep his vehicle under control. The control required is that which a reasonably careful driver would maintain under circumstances similar to those shown by the evidence in this case. A driver of a motor vehicle must also drive at a speed no greater

than is reasonable and prudent under the circumstances, having due regard for any actual or potential hazards. A failure to meet the standard of conduct required by either of these two rules of the road is negligence.

**9.**

Calvin claims that the hit-and-run driver was negligent in operating his car. Calvin has the burden of proving three things:

*First*, she sustained damages;

*Second*, the hit-and-run driver was negligent; and

*Third*, the hit-and-run driver's negligence was a proximate cause of Calvin's damages.

# 10.

"Proximate cause" is a term of law. Here is a definition. "Proximate cause" means a cause which, in a natural and continuous sequence, produces damage and without the cause the damage would not have occurred.

This does not mean that the law recognizes only one proximate cause of damage. To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause.

# 11.

You may need to assess Calvin's alleged damages. If you reach that issue, you must decide the amount of money that will reasonably and fairly compensate her. In determining that amount, consider any of the following elements of damage that you find were proximately caused by any negligence of the hit-and-run driver:

- The nature, extent, and duration of any injury;

- The reasonable expense of any necessary medical care, treatment, and services received;

- The reasonable expense of any necessary medical care, treatment, and services in the future;

- Any pain and suffering and mental anguish due to injuries sustained in the occurrence that Calvin experienced in the past and is reasonably certain to experience in the future;

- Any visible results of any injury;

- Any lost earnings, and any earnings reasonably certain to be lost in the future; and

- Any lost earning capacity.

Whether any of these elements of damage has been proved by a preponderance of the evidence is for you to determine.

In fixing the amount of damages, consider that an injured person must use ordinary care to determine whether medical treatment is needed, to obtain medical treatment, and to follow the instructions of her physician. Any damages resulting from a failure to use that ordinary care cannot be recovered.

Consider the full extent of any injury sustained, even if you find that the degree of injury proximately resulted from the aggravation of a condition that already existed and that predisposed Calvin to injury to a greater extent than another person. But you may not award her damages she would have suffered if the accident had not occurred.

**12.**

If you find that Calvin is entitled to damages arising in the future because of injuries, then you must decide the present value of those damages.

If these damages are continuing but not permanent, consider how long they will continue. If they are permanent, consider how long Calvin is likely to live.

I have used the term "present value." This simply means that you must take into account the fact that money recovered today will earn interest, if invested, until the time in the future when these losses will actually occur. Therefore, you must reduce any award of future damages to compensate for the reasonable earning power of money.

# 13.

Here are some general rules for your deliberations.

*First*, choose a foreperson.  She or he will preside over your deliberations, sign your verdict, and speak for you here in Court.

*Second*, talk through the case in detail.  Consider all the evidence.  Discuss it fully with your fellow jurors.  And listen attentively to others' views.

*Third*, make your own conscientious decision.  Don't be afraid to change your mind if you're persuaded by the discussion.  But don't make a decision simply because others think it is right.  And don't agree just to get it done.

*Fourth*, try hard to reach agreement.  Your verdict must be unanimous.

*Fifth,* if you need to communicate with me during your deliberations, send me a note through the court security officer.  One or more jurors must sign the note.  But, do not tell me—or anyone—how your votes stand numerically.

*Sixth*, your verdict will be your answers to questions. I'll read the verdict form to you now.

*Seventh*, from this point forward, other than a note to the Court, do not communicate with any person other than your fellow jurors about the merits of the case.

# OATH

Court security officer, do you solemnly swear or affirm to keep this jury together in the jury room, not to permit any person to speak to or communicate with them about this case, nor to do so yourself unless by order of the Court or to ask whether they have agreed on a verdict, and return them into the courtroom when they have so agreed, or when otherwise ordered by the Court?